Green, J.
delivered the opinion of the court.
This action of ejectment was commenced against Lake, the tenant in possession, in December, 1838.
At the April term, 1837, James Wallen was permitted to come in and defend the suit — as the record states — in the room and stead of James Lake, the tenant in possession.
The tenant in possession, James Lake, on whom process was served, has never appeared, entered into the common rule, and pleaded to the action.
James Wallen has died, and at September term, 1848, his death was suggested and proved, and the plaintiff’s attorney moved for judgment by default against the other defendant. The court refused the judgment demanded, but gave judgment, that the suit abate, — from which the plaintiff prosecutes the appeal.
By our statutes, the parties to an action of ejectment, stand in a very different position from that in which they were placed by the common law. By the act of 1801, ch. 11, sec. 1, a writ was directed to be issued against the tenant in possession, and he was held to bail to answer the plaintiff, wherefore he ejected him. By the third section of that act, the tenant in possession was to be adjudged to pay the costs, whether the possession should be recovered by default, or by trial of the cause. The fifth section provides, that in no instance shall any person be permitted to defend unless he enter into the common rule, and give security for costs; and if the landlord of the tenant in possession, wish to become defendant, he shall also enter into the common rule, and give security as aforesaid, and the tenant and his securities thereby shall be exonerated from the bail bond given by them to the sheriff, at the time of the service of the writ.
*139 It is plain, from these provisions of the statute, that the tenant in possession is a party to the suit, whether he come into court and enter into the consent rule or not. He is a party by the service of process, requiring him to appear and answer. He is a party, liable to be adjudged to pay costs, whether the plaintiff recover judgment by default, or by a trial of the cause.
But it is supposed, if the landlord appear, and enter into the consent rule, that the tenant in possession, thereby ceases to be a party. This position is not supported by anything in the statute. The landlord, by the statute, is permitted to defend; — and when he appears and gives security for costs, and enters into the consent rule, — the tenant in possession, and his sureties are discharged from the bail bond, but he is still a party to the suit. The consent rule permits the person appearing to defend, instead of the casual ejector, — not instead of the tenant in possession. The consent rule, entered into by the landlord, has nothing to do with the position of the tenant in possession, but if the landlord give bond and security for costs, that discharges the bail of the tenant in possession, and the landlord is made a defendant, jointly with the tenant in possession. If, therefore, the landlord shall die, pending the suit, such death leaves the case as it stood before he was made defendant. The tenant in possession is still a party, and may come in and defend, but if he do not, the plaintiff is entitled to judgment by default. Tillinghast’s Adams Eject., 253, 322, et seq.; 11 Eng. Com. Law Rep. 278.
It results from this view of the case, that the court erred in holding .that the suit abated by the death of Wallen, the landlord. But we cannot give a judgment by default here, because the term of the lease, laid in the declaration *140 has expired, and there is nothing for the plaintiff to recover. The plaintiff should have had leave to amend his declaration, which is a matter of course, at any time, as the lease is a mere fiction.
The act of 1819, ch. 16, sec. 4, 5, providing that the death of a defendant, in an action of ejectment, shall not abate the suit, but the same may be revived against the heirs or devisees of such defendant, does not require the plaintiff to make such heirs parties, on pain of having his suit abated — provided that it stand in such plight, as that it would not have abated, as the law stood before that act. The statute is made for the benefit of plaintiffs in ejectment, and gives them additional remedies in the case ; but if they choose to proceed, independently of the statute, they may do so.
Reverse the judgment, and remand the cause to the Circuit Court, to be further proceeded in.